IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. GOVIND, ) | |
| ) | No. 2:06-CV-02467 |
| ) | Consolidated with 2:08 CV 01183-ODW |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| WARDEN FELKER, D. L. RUNNELS, ) | |
| and M. MCDONALD, ) | |
| Defendants ) | |
| _____ ) | |

In a document filed May 26, 2001 [42] entitled "Answer to Williams & Associates Records Request Form and Interrogatories and Request for Attorney" Plaintiff has once again requested, among other items, the appointment of counsel to assist him in the prosecution of this civil action. Once again, the request is DENIED. Persons in state custody do not have a right to the appointment of counsel to pursue on their behalf a civil action.

In the alternative, plaintiff suggests that this action be stayed until he is released from custody, yet he makes no suggestion as to when that might occur, if at all. No good cause having been shown and no possible date being offered to suggest how long this matter might linger on the court's docket, the request for an indefinite stay is DENIED.

Plaintiff also purports to make inquiry, not of any defendant, but of defense counsel as to whether the defendants have received the summons and complaint. Given that the defendants have all filed motions challenging the sufficiency of the pleadings, the answer to that question should be apparent. More importantly is a caution to plaintiff that this is not the proper vehicle to conduct discovery, nor is it appropriate to submit questions to opposing counsel. The questions are to be directed to the defendants individually. Lastly, discovery is not to be filed with the court. To the extent a portion of this filing is to be construed as "interrogatories" plaintiff is directed to Federal Rules of Civil Procedure Rule 33.

The second request made to Williams and Associates is a demand for payment of an amount certain. Plaintiff is advised that settlement discussions should not be made a part of the public record. Plaintiff would be better advised to simply direct correspondence to counsel suggesting his terms for resolution of this matter.

Plaintiff next states his intention not to provide further information or to answer questions except in the presence of his attorney. He has further stated that he has already provided the court and the defendants with his claims and presumably the factual basis supporting those claims and states he has "no other questions to answer." First, it is noted that plaintiff has no attorney, therefore his stated intention not to answer questions except in the presence of "his attorney" implies his intention not to submit to a deposition if requested. Plaintiff is reminded that he may not commence litigation against the defendants then refuse to submit to discovery. In the event plaintiff refuses to participate in discovery so as to enable defendants to know precisely what evidence plaintiff intends to offer at trial and what conduct on their part they will be called upon to defend at trial, the court will have no option but to take rather drastic measures. Plaintiff is referred to Federal

Rules of Civil Procedure Rule 37 under the heading "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions, with special attention paid to Rule 37 (b).

By Order entered on June 14, 2011, plaintiff was reminded that participation in properly noticed discovery is not optional but *mandatory*. Plaintiff was further warned that refusal, in the face of that order, to cooperate in discovery would result in the dismissal of this suit. Plaintiff is again reminded of that result.

The remaining material in this filing has been repeatedly raised in other filings and need not again be addressed here.

DATED:   June 17, 2011   _____

                              OTIS D. WRIGHT, II, DISTRICT JUDGE