1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11

12  DANIEL H. GOVIND,            )  No.  2:08 CV-01183 ODW Consolidated with
                                 )       2:06 CV 02467
13                               )
                                 )
14              Plaintiff,       )
    vs.                          )
15                               )   **ORDER GRANTING FELKER'S**
                                 )   **MOTION FOR JUDGMENT**
16  FELKER. D.L. RUNNELS, and    )   **ON THE PLEADINGS**
    M. McDONALD                  )
17                               )
                                 )
18              Defendants       )
    _____

19

20        On May 24, 2011 Defendant Tom Felker, Warden, filed his motion for

21  Judgment on the Pleadings. [41]  No opposition has been filed.  For reasons

22  set forth herein, said motion is GRANTED.

23        In his First Amended Complaint[1] complaint for damages, Plaintiff

24  _____

25                    1

26  . This may be more accurately described as the Second Amended Complaint. The original complaint
    was filed May 22, 2008 [1].  On August 4, 2008 Plaintiff filed an Amended Complaint [12].  Finally,
27  on June 25, 2009 plaintiff filed his "First Amended Prisoner Civil Rights Complaint" [30].  It
    perhaps bears noting that the allegations of this pleading are essentially identical to the complaint
28  in case 06-2467.  Only the defendants are different.                                    -2-

purports to state claims under 42 U.S.C §1983.  Specifically, Plaintiff purports to assert to categories of conduct which plaintiff contends constitute a violation of his constitutionally protected rights by a person acting under color of state law.  First, it is alleged that Defendant Felker has created inhumane conditions of confinement by altering the toilet.  Second, it is alleged that Defendant Felker has denied him adequate access to the prison law library.

Plaintiff alleges that sometime in early 2006 Warden Felker converted all the cell toilets to two flush every five minute (sic), and if accidently you made three flush (sic) than (sic) you have to wait one hour before the toilet would flush again.  And when the power goes off the toilets will not flush and we still have to use the toilet and live in inhumane cell, exposed to noxious odor including human discharge and dreadful condition of the cell." (Compl. p. 5-I).

While a complaint attacked by a motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (courts need not "accept as true a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level, [citations], on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, -- U.S --, 127 S.Ct. at 1965 (citations omitted).

"Leave need not be granted where the amendment [ ] would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the

complaint.")(citations omitted).

A motion to dismiss tests the legal sufficiency of the claim stated in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1975); *see also* Federal Rules of Civil Procedure 12(b)(6). "A claim will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim that would entitle him to relief." *Conley*, 355 U.S. at 45-46; *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A Rule 12(b)(6) motion is granted where there is either a lack of a cognizable legal theory or the plaintiff fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal quotation marks and citation omitted). Additionally, this Court looks to the face of the complaint to determine whether there is a defect. *See* William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial, § 9:211 (2006). This Court must "take all the allegations of material fact as true and construe them in the light most favorable to the nonmoving party.*" McNamara-Blad v. Assoc. of Prof. Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002).

Applying these standards to the instant claim regarding the toilets the court finds that the allegations of the complaint, accepted as true, do not describe a condition that raises Eighth Amendment concerns. The inmate must demonstrate that his conditions of confinement have subjected him to deprivations which deny him the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* -452 U.S. 337.347 (1981). In addition, the inmate must demonstrate that the prison officials acted with a "sufficiently culpable state of mind" of one indifferent to inmate health or safety. *See,*

1    *Farmer v Brennan,* 115 U.S. 832, 834.

2    ///                                                                    -3-

3         Subjecting a prisoner to lack of sanitation that is severe or prolonged can
4    constitute an infliction of pain within the meaning of the Eighth Amendment.
5    *Anderson v. County of Kern,* 45 F.3d 1310, 1314 (9th Cir.1995).  Here, it is
6    alleged that the condition persists, if at all, no more than one hour.  The court
7    notes that Plaintiff does not actually allege that he has suffered any
8    consequences himself from the accidental third flush within a five minute
9    period.  He merely describes the new  system, but does not allege that he
10   himself has been adversely affected by it.  However, in this case the result
11   would be the same.

12        This is not a novel situation nor is this the first time courts have been
13   called upon to determine the constitutionality of prison toilets with  control flush
14   systems installed.  Plaintiff's allegations are analogous to those in *Norwood v.*
15   *Hubbard*, 2009 U.S. Dist. LEXIS 82921 (E.D. Cal. 2009). The plaintiff in
16   *Norwood* brought suit against the warden of California Department of
17   Corrections and Rehabilitation's Substance Abuse Treatment Facility.  There,
18   plaintiff claimed that the installation of Flushometers in inmates' cells
19   constituted cruel and unusual punishment because the Flushometers limited
20   inmates to two toilet flushes within ten minutes.  If a third toilet flush were to
21   occur it would result in a 30-minute lockout..  Plaintiff complained that there
22   were times when the cells smelled of defecation during meal time, and that if
23   two flushes within ten minutes had already occurred, inmates had to either
24   refrain from relieving themselves, which caused physical problems or relieve
25   themselves in a toilet that already contained waste.

26        The court found that two toilet flushes every ten minutes, twenty-four
27   hours a day is more than adequate to satisfy the constitutional guarantee of
28   adequate sanitation and dismissed the action, with prejudice, for failure to state

a claim and as frivolous.

Likewise in *Craft v. Dir. of Cal. State Dept. Of Corrections & Rehab.*, 2011 U.S. Dist. LEXIS 30704, *4-5 (C.D. Cal. 2011) the issue of whether the Eighth Amendment was violated when prison toilets shut off for an hour when the toilet is flushed more than twice in a five minute period was considered by the district court.  The court concluded that plaintiff had failed to state a claim upon which relief can be granted.  The conditions of confinement created by the automatic lockout did not rise to the level of deliberate indifference under the Eighth Amendment and that two toilet flushes every five minutes, twenty four hours per day are more than adequate as a matter of law.  That is the precise situation here, and this court, like the Craft court, finds that two flushes in a five minute period is adequate as a matter of law and no cause of action is stated against Warden Felker on this claim.


Under the heading: Right to File Papers and Communicate with Courts, plaintiff  mentions Warden Felker, but only in passing.  Specifically, plaintiff complains to being placed in the segregation unit for long periods of time "to block the preparation and filing of lawsuits, refuse to mail legal papers, deny active legal materials and deny access to law library and law books.  Confiscate legal material and hold it for no reason."  As for Warden Felker, it is alleged that it is the Warden's rule "to allow 2 hours law library a week and if the institution is on lock down, appellant [Plaintiff] don't (sic) get access to law library at all."  It is also noted that the librarians are not trained in providing legal assistance;  they do not have any knowledge of case  law or references to law books.  There are insufficient computers  for all those who use the law library and lastly, there are no law books at all in the law library.  (Compl at p. 5-U.)

Prisoners are entitled to meaningful access to the courts through adequate law libraries or assistance from persons trained in the law. *Bounds v. Smith,* 430 U.S. 817, 828 (1977). This does not mean that prisoners are entitled to unlimited access. Prisons must only provide access to a library that meets minimum constitutional standards. *Sands v. Lewis,* 886 F.2d 166, 1169 (9th Cir. 1988). Prison officials may also regulate the time, manner and place in which library facilities are used. *Lindquist v. Idaho State Bd. Of Corrections,* 776 F.2d 851, 858 (9th Cir. 1985).

To state a viable claim for denial of meaningful access to the courts a plaintiff must show, first, that his ability to access the library was so limited that it was unreasonable, and two, that this limited access caused him actual injury, such as the inability to present a claim or meet a filing deadline. *Casey v. Lewis,* 518 U.S. 343, 348; *Vandelft v. Moses,* 31 F.3d 794, 797 (9th Cir. 1994).

Plaintiff has failed to allege how the time limits placed on library usage have prejudiced him. He has also failed to allege whether any prison lockdown occurred and whether his library privileged were affected. From the court's view of the docket, it is evident that plaintiff's access to the courts has not been impeded, nor has plaintiff alleged that it has. He has not alluded to any claim he has been prevented from pursuing or any deadline he has missed by virtue of his limited library access.

He may not simply rely on conclusory allegations without showing a resulting injury to himself.

///

///

///

The court finds that Plaintiff has failed to state a claim against Warden Felker

6

upon which relief can be granted, and his motion for Judgment on the Pleadings is GRANTED.

DATED: June 18, 2011

OTIS D. WRIGHT, II, DISTRICT JUDGE

7