IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. GOVIND,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIRECTOR OF CORRECTIONS,<br><br>　　　　Defendant.<br>_____ | No.2:06-cv-02467-ODW<br><br>Consolidated with 2:08-cv-01183-ODW<br><br>**REVOCATION OF *IN FORMA***<br>***PAUPERIS* STATUS** |

　　　Daniel H. Govind, a person in state custody, has brought this civil action alleging all manner of violations of his civil rights. Following Magistrate Judge Dale Drozd's screening of the prolix and nearly incomprehensible complaint pursuant to 28 U.S.C. §1915A(a), appellant was cautioned as to the minimum standards necessary to adequately state a cause of action on his various claims.  Over the ensuing years defendants were dropped from the action either because they were not served, were not even mentioned in the complaint, or voluntarily or involuntarily dismissed.

　　　On October 14, 2008 Appellant's  application for IFP status was granted in case number 06-02467. See Docket [41]. Five months later on March 9, 2009 that case was consolidated with case number 08-01183. [21] The issue of the continuation of  his IFP status for the purposes of his appeal has been referred to this court by order of the Ninth Circuit on August 26, 2011.  [56] In this courts

1  view, the appeal is frivolous and the Appellant's IFP status is revoked for the purpose of the appeal.
2       On August 15, 2011 Plaintiff- Appellant  filed a Notice of Appeal from the District Court's
3  refusal to grant a one year stay of this action [51].  The justification offered for the stay request was
4  that he "is not in good health and has a heavy burden on his shoulder (sic) attending school and
5  preparing for his examine. (sic)" [ 74], filed July 5, 2011,  in case number 2:06-cv-02467 ODW.  The
6  request for a stay was denied as moot. [51]  There was no longer an active case.  Appellant remained
7  oblivious to the fact that at the time of his request, this action had been dismissed June 27, 2011, see
8  docket entry [50].
9       The primary basis for the dismissal was Plaintiff's refusal, following repeated admonitions,
10 to cooperate with discovery.  Appellant continued to justify his refusal to cooperate with discovery
11 by stating that "[h]e also informed the court and Williams and Associates (the law firm representing
12 the Defendants / Appellees) that he will not take part in Deposition or Answer any questions, because
13 everything has been said in petitions (sic) civil rights claim."  (Motion For Stay Until December 2011
14 Without Prejudice to Either Party " page 1, [74].

16      It is the court's view  that this appeal is frivolous given that it lacks an arguable basis in either
17 law or fact, for the relief being sought, i.e. a one year stay of this action.  *Neitzke v. Williams*, 490
18 U.S. 319, 325 (1989).  Putting aside the specious nature of his claims raised in his complaint which
19 reads like a journal chronically the discomforts of life in prison,  Appellant apparently has no
20 intention of prosecuting this suit, assuming it were reinstated.          Moreover he steadfastly refuses
21 to engage in discovery or comply with orders and instructions of the court.  With the repetitious
22 requests that the court appoint counsel for him to assist in the prosecution of this civil rights case he
23 has become something of a drain on our limited judicial resources.  In the final analysis, his claims
24 are of questionable merit and the basis of his appeal is of no merit whatsoever, assuming that it is an
25 appealable order.
26 ///
27 ///
28 ///

Because Appellant is pursuing what in this court's opinion is a frivolous appeal, the district court revokes his IFP status.

DATED:   August 31, 2011

_____
OTIS D. WRIGHT, II, DISTRICT JUDGE

3.